UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No. **CV 24-3745-CV (JPRx)**                                   Date: **April 2, 2025**
Title: **Francis v. Luna et al.**

**DOCKET ENTRY: Order to Plaintiff to Show Cause Why Defendants' Motion to Compel (ECF No. 58) Should Not be Granted**

PRESENT:

**HON. JEAN ROSENBLUTH, U.S. MAGISTRATE JUDGE**

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANTS:
None present                                                              None present

**PROCEEDINGS:  (IN CHAMBERS)**

On February 20, 2025, Defendants moved to compel Plaintiff to respond to interrogatories and requests for production that had been served on him in October 2024, claiming that Plaintiff had not responded at all to the properly served discovery requests nor to requests to meet and confer and to provide his portion of the discovery joint stipulation under Local Rule 37, all of which were apparently mailed to Plaintiff's counsel.  (See Bird Decl., ECF No. 58-2 ¶¶ 3, 5 & Exs. A & B, ECF Nos. 58-4 at 7 & 58-5 at 9.)  On February 21, Plaintiff filed a one-paragraph response to the motion, stating that he "did not receive any written discovery from defendants" until receiving the motion to compel, to which the discovery was attached as an exhibit, and would "explain[] at an appropriate, later time, if required."  (Initial Statement, ECF No. 60.)

On March 10, the Court noted that Defendants' discovery requests were served on Plaintiff's counsel using an address that was slightly off and asked for supplemental briefing on the effect on service and on Defendants' motion of that error.  Defendants filed their ordered supplemental briefing on March 13.  On March 18, Defendants moved for relief from various case-management deadlines, representing that they had been told by Plaintiff's counsel's office that counsel would not be available until March 24.  The District Judge granted that request on March 20.  Accordingly, this Court reset the supplemental-briefing deadlines to accommodate Plaintiff's counsel's return to work on March 24.

But Defendants then filed notice that Plaintiff's counsel had not responded to the Court's order to meet and confer; they were ultimately told by Plaintiff's counsel's

MINUTES FORM 11                                                                                Initials of Deputy Clerk: bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: **CV 24-3745-CV (JPRx)**                                                                April 2, 2025
      **Francis v. Luna et al.**                                                                                      Page 2

------------------------------------------------------------------------------------------------------------------

assistant that counsel had been "advised" by his doctor that he needed to be off work for an additional "about one month."  (Notice, ECF No. 68 at 2.)

     The Court is sympathetic to Plaintiff's counsel's situation (although counsel has provided no evidence concerning his illness or its effects), but this is now the third time that counsel has not met a court-ordered deadline, and each time Defendants, not Plaintiff, has been the one to inform the Court of the issue.  Plaintiff's counsel has a law partner who is lead counsel of record in this case, and the Court fails to see why he can't take over for his co-counsel or at least timely advise the Court of issues and seek extensions ahead of time.  Defendants should not have to work so hard to simply have their motion to compel heard.

     Accordingly, the Court ORDERS Plaintiff to show cause in writing no later than seven days from the date of this Order why Defendants' motion to compel should not be granted for lack of opposition and for failure to comply with Court orders.  <u>See</u> C.D. Cal. R. 7-12.  Should he not do so, the Court will likely grant Defendants' motion.  If he files a substantive opposition to Defendants' motion within that time period, the OSC will automatically be discharged.

     Cc: Judge Valenzuela